UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 22-CV-11553

NATALIE ANDERSON,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.,
RESIDENCE INN NASHUA (formerly known as RESIDENCE INN BY MARRIOTT located in NASHUA and is also the DBA of NASHUA TS LODGING, LLC); TRUE NORTH HOTEL GROUP AND JENNIFER BROOKS,

    Defendants.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JENNIFER BROOKS' SEPARATE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant Jennifer Brooks ("Ms. Brooks") respectfully submits this Memorandum of Law in Support of her Separate Motion to Dismiss for Lack of Personal Jurisdiction[1] in accordance with Rule 12(b)(2) and Rule 12(b)(5) of the Federal Rules of Civil Procedure ("Rules").

### PRELIMINARY STATEMENT

The plaintiff, Natalie Anderson ("Plaintiff"), has filed an Amended Complaint alleging that the Defendants invaded her privacy, breached a contract, and violated 41 U.S.C. § 1981, among other claims. In essence, Plaintiff contends that the Defendants knowingly and intentionally private disclosed information about the Plaintiff to third parties.

---

[1] All served defendants are filing a joint motion to dismiss pursuant to Rule 12(b). (*See* Dkt. No. __, ¶ .) Additionally, each served defendant may also file a separate motion to dismiss on grounds specific to that particular defendant (such as personal jurisdiction or counts alleged against only a single defendant). (*Id.* ¶ 4.) While Ms. Brooks contends that this matter should be dismissed with prejudice in accordance with the legal authorities set forth in the Joint Motion to Dismiss, Defendant Brooks nonetheless raises the issue of personal jurisdiction and is contemporaneously filing this motion in accordance with Rule 12(b)(2).

1

Aside from the tenuous theories of liability, the named defendants are incorporated, have principal places of business, and reside in differing states (Kansas, Maryland, and New Hampshire). Nonetheless, the Plaintiff has attempted to bring suit against all of these defendants in one jurisdiction – Massachusetts. To do so, the Plaintiff makes the boilerplate claim that all of the defendants "have conducted and [continue] to conduct business," in Massachusetts.

Simply, the Amended Complaint fails to plead sufficient facts to establish a cognizable basis for either general or specific personal jurisdiction over Ms. Brooks in this forum. Since it is undisputed that Ms. Brooks cannot be considered "at home" in Massachusetts, there is no legal basis to assert general jurisdiction. Further, boilerplate and generalized allegations of "conducting business" in Massachusetts are insufficient to meet Plaintiff's burden to establish specific personal jurisdiction over Defendant Brooks. Indeed, given that the allegations of tortious acts that occurred in a New Hampshire hotel are far removed from Ms. Brooks' alleged "conduct" in Massachusetts, there is no demonstrable nexus between Plaintiff's claims and Ms. Brooks' alleged contacts with Massachusetts.

Additionally, the Plaintiff purportedly served Ms. Brooks, an individual, via certified mail postmarked September 1, 2022 which was beyond the date set by the court, and further mailed the Amended Complaint to Ms. Brooks' place of employment (Residence Nashua Manchester).

Since Plaintiff's claims do not arise from Ms. Brooks' connections with Massachusetts, there is no basis for specific personal jurisdiction over Ms. Brooks. Further, since the Plaintiff failed to timely serve Ms. Brooks pursuant to the court order, and mailed the Amended Complaint to Ms. Brook's place of employment, as opposed to her residence, service is not proper or effective, the Plaintiff's Amended Complaint should be dismissed for insufficient service of process.

**BACKGROUND**

In terms of personal jurisdiction allegations, the Plaintiff alleges that (1) Defendant "conducted and continues to conduct substantial business in the State of Massachusetts"; (2) and that Defendants have "sufficient minimum contacts with the state and sufficiently avail itself to the markets of [the] State to render the exercise of jurisdiction by this court reasonable." (Plt. Amended Compl., ¶¶ 9-13)  Although the Amended Complaint alleges that Ms. Brooks conducts business in Massachusetts, there is no allegation that Ms. Brooks resides in and/or conducts business in the Commonwealth of Massachusetts. (*See generally id.*, ¶¶ 1-211.)  Additionally, in terms of improper service, the Plaintiff's case in the underlying *Anderson Action* was dismissed in November 2021 due to the plaintiff's failure to serve any party by the deadline. (See Docket from *Anderson Action*.) After vacating her dismissal, Judge Wall ordered that "service by mail must be made no later than August 31, 2022 and the returns no later than September 30, 2022." (*Id.*)

**STANDARD**

Under Rule 12(b)(2), dismissal of an action against a defendant is warranted when there is a lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  "The burden of proving that personal jurisdiction may be exercised in the forum state lies squarely with the plaintiff."  *Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 54 (1st Cir. 2020); *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002); *see also Costa v. FCA US LLC*, 2021 WL 2338963, at *4 (D. Mass. June 8, 2021).  To satisfy her *prima facie* burden, the plaintiff must "proffer evidence which, taken at face value, suffices to show all facts essential to personal jurisdiction." *Foster-Miller, Inc. v. Babcock & Wilcox Can.*, 46 F.3d 138, 145-46 (1st Cir. 1995); *see also Baskin-Robbins Franch'g LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016).  While a court will construe the allegations in the light most favorable to the plaintiff, a plaintiff may not "rely on unsupported allegations in [her] pleadings" but instead "must put forward evidence of

3

specific facts to demonstrate that jurisdiction exists." *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016); *Platten v. H.G. Berm. Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006).

## ARGUMENT[2]

A District Court may exercise two types of personal jurisdiction over a defendant: general and specific jurisdiction. *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 9 (1st Cir. 2009). General jurisdiction broadly subjects the defendant to suit in the forum on all matters, including those unrelated to the defendant's contacts with the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 128 (2011); *BlueTarp Fin., Inc. v. Matrix Constr. Co.*, 709 F.3d 72, 79 (1st Cir. 2013). Specific jurisdiction, by contrast, depends on "an affiliation[n] between the forum and the underlying controversy." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011). In this case, the Plaintiff has failed to meet her burden of establishing either general or specific personal jurisdiction over Ms. Brooks.

## I.     THERE IS NO GENERAL JURISDICTION OVER MS. BROOKS

"[G]eneral jurisdiction requires affiliations 'so continuous and systematic as to render [a defendant] essentially at home in the forum State.'" *Daimler*, 571 U.S. at 132 n. 11 (quoting *Goodyear*, 596 U.S. at 919); *Costa*, 2021 WL 2338963 at *4. As the First Circuit has explained,

---

[2] "In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995). Thus, to establish personal jurisdiction over a defendant, a plaintiff must satisfy the requirements of the Massachusetts long-arm statute and the Due Process Clause of the Fourteenth Amendment. *KPM Analytics N. Am. Corp. v. Blue Sun Scientific, LLC*, 2021 WL 2982866, at *7 (D. Mass. July 15, 2021). This is a two-step analysis. *Id.* The Massachusetts long-arm statute, Mass. Gen. L. ch. 223A, § 3, provides a list of eight contacts with the State which can provide a basis for personal jurisdiction "as to a cause of action in law or equity arising from" the specified contact. In this instance, the Plaintiff's Amended Complaint fails to specify which prong is allegedly applicable. Nonetheless, given the allegations, it appears that Plaintiff would rely on Section 3(a): "transacting any business in this commonwealth." However, "the long-arm statute also demands that plaintiffs' cause of action arise from the defendant's transaction of business in the commonwealth." *United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1087 (1st Cir. 1992). "The statute's relatedness requirement mirrors a key constitutional requirement for the exercise of specific jurisdiction." *Id.* As discussed below (*see* Argument Section II), Plaintiff cannot satisfy the "relatedness" prong of the due process analysis, which means Plaintiff likewise cannot satisfy the requirements of the Massachusetts long-arm statute.

"[i]n recent years, the Supreme Court has refined this inquiry, emphasizing that the focus of the general jurisdiction analysis is not merely whether an out-of-forum corporation's 'in-forum contacts can be said to be in some sense continuous and systematic.'" *Chen*, 956 F.3d at 57 (quoting *Daimler*, 571 U.S. at 139-40, and *Goodyear*, 564 U.S. at 919). "Instead, the lodestar of the inquiry is whether the corporation's general business contacts with the forum are sufficiently continuous and systematic 'as to render [it] essentially at home in the forum State.'" *Chen*, 956 F.3d at 57 (quoting *Goodyear*, 564 U.S. at 919). "The paradigmatic examples of locales in which a defendant corporation is considered at home are its state of incorporation and the state that houses its principal place of business." *Chen*, 956 F.3d at 57; *see also BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017).

Only in rare and exceptional situations would a corporation's general business operations in a state in which it is neither incorporated nor headquartered "be so substantial of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n. 19; *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) ("It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."). An example of such a situation would be where a company temporarily relocated its entire enterprise to another forum, which then functioned as the nerve center of the company's operations. *BNSF Ry.*, 137 S. Ct. at 1558 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)).

Here, it is undisputed that Ms. Brooks is an individual with a residence in New Hampshire. As such, Ms. Brooks cannot be considered "at home" for purposes of establishing general personal jurisdiction in this forum. *Daimler*, 571 U.S. at 128. Additionally, the allegations in the Amended Complaint are plainly insufficient to demonstrate that this is a rare or exceptional case where Ms.

Brooks' alleged former employment with Marriott/Residence Inn Nashua is so substantial that Ms. Brooks could be considered at home in Massachusetts. *BNSF Ry.*, 137 S. Ct. at 1558; *Costa*, 2021 WL 2338963 at *4. Accordingly, there is no basis for general personal jurisdiction over Ms. Brooks.

II. **THERE IS NO SPECIFIC JURISDICTION OVER MS. BROOKS**

"Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). Importantly, a court can exercise specific jurisdiction when the plaintiff's claim "arises out of" or is "directly related to" defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). When specific jurisdiction is asserted, the First Circuit has developed a three-prong test for analyzing the due process considerations: first, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities; second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state; and third, the exercise of jurisdiction must, in light of the "Gestalt" factors, be reasonable. *United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992); *see also Daynard*, 290 F.3d at 60. All three factors must be satisfied to subject a defendant to specific personal jurisdiction. *Scottsdale Capital Advisors Corp. v. The Deal, LLC*, 887 F.3d 17, 20 (1st Cir. 2018). In this case, the Plaintiff cannot satisfy this standard.

A. **Plaintiff's Lawsuit Does Not Arise Out of or Relate to Ms. Brooks' Contact With Massachusetts.**

To meet the relatedness requirement of specific jurisdiction, the claim underlying the litigation must arise out of the defendant's in-state activities. *United Elec.*, 960 F.2d at 1089. Importantly, there must be a *material* connection between a defendant's state contacts and the

6

causes of action. *Harlow v. Children's Hosp.*, 432 F.3d 50, 60-61 (1st Cir. 2005) (explaining that contacts relevant to the specific jurisdiction analysis are those to which the cause of action is related). "There must be more than just an attenuated connection between the [defendant's] contacts and the claim; the defendant's in-state conduct must form an important, or at least material, element of proof in the plaintiff's case." *Phillips v. Prairie Eye Center*, 530 F.3d 22, 27 (1st Cir. 2008).

Indeed, to satisfy due process considerations, this material connection must be "something like a 'proximate cause' nexus." *Harlow*, 432 F.3d at 61 (quoting *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*, 295 F.3d 59, 65 (1st Cir. 2002)). In other words, there must be a "'demonstrable nexus' between the plaintiff's claims and the activities in the forum that properly may be attributed to the defendants, such that 'the litigation is founded directly on those activities.'" *PREP Tours, Inc. v. Am. Youth Soccer Org.*, 913 F.3d 11, 18 (1st Cir. 2019) (quoting *Adelson v. Hananel*, 652 F.3d 75, 81 (1st Cir. 2011)); *see also N. Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 25 (1st Cir. 2005). When there is no demonstrable nexus and the connection between the forum contacts and the cause of action is too attenuated, there can be no finding of specific jurisdiction. *See Swiss Am. Bank*, 274 F.3d at 623.

Moreover, with tort claims, the "relatedness inquiry . . . focuses on whether the defendant's *in-forum* conduct caused the injury or gave rise to the cause of action." *Id.* at 622; *see also Badia v. Hamanasi Adventure & Dive Resort*, 2017 WL 551817, at *4 (D. Mass. Feb. 10, 2017). Thus, the alleged connections with the forum must "give birth" to the plaintiff's claims and not merely be a step in a purported causal chain. *Chouinard v. Marigot Beach Club & Dive Resort*, 2021 WL 2256318, at *12 (D. Mass. June 3, 2021).

Given the well-settled legal tenets, there is no basis for specific jurisdiction over Ms.

7

Brooks in Massachusetts. To be clear, the Amended Complaint alleges that Ms. Brooks "conducts business in Massachusetts." After that point, the Amended Complaint is silent as to how Ms. Brooks specifically conducts business in Massachusetts, particularly given that the alleged tortious conduct occurred in New Hampshire at Ms. Brooks' former place of employment. Plaintiff's Amended Complaint claims against Ms. Brooks do not have a demonstrable nexus with Ms. Brooks' alleged contacts with Massachusetts.

There is no connection or link between any forum related activity by Ms. Brooks and the Plaintiff's causes of action. This omission is fatal to establishing specific jurisdiction over Ms. Brooks, and the conclusory allegation of "regularly conducting business" in Massachusetts is simply insufficient to meet Plaintiff's burden of establishing specific personal jurisdiction over Ms. Brooks in this case.

    **B.**    **It is Not Foreseeable That Ms. Brooks Would Be Subject to Jurisdiction in Massachusetts for the Claims Asserted in this Case.**

"In determining whether the purposeful availment condition is satisfied, [the] key focal points are the voluntariness of the defendants' relevant Massachusetts contacts and the foreseeability of the defendants falling subject to Massachusetts's jurisdiction." *Copia Comms., LLC v. AMResorts, L.P.*, 812 F.3d 1, 5 (1st Cir. 2016). The two factors to consider are "voluntariness" and "foreseeability." *Id.* The requirement of "voluntariness" "depends upon the extent to which the defendants voluntarily took action that made it foreseeable they might be required to defend themselves in court in [the forum state]." *PFIP, LLC v. Planet Fitness Enter., Inc.*, 2004 WL 2538489, at *7 (D.N.H. Nov. 10, 2004). The issue of foreseeability "ensures that a defendant will not be hailed into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or due to the "unilateral acts of another or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "When inquiring whether Defendants has purposefully

8

availed itself of the forum, however, the only relevant contacts are those that gave rise to the cause of action." *KPM Analytics N. Am. Corp. v. Blue Sun Scientific, LLC*, 2021 WL 2982866, at *10 (D. Mass. July 15, 2021).

While Plaintiff alleges that Ms. Brooks conducted business in Massachusetts, even though this is clearly only based on Ms. Brooks' former employer and not her personally, it was not foreseeable that Ms. Brooks would be subject to jurisdiction in Massachusetts for conduct that allegedly occurred in New Hampshire. Moreover, there is no well-pleaded allegation in the Amended Complaint that Ms. Brooks' employment involved the Commonwealth of Massachusetts at any point in time as she was employed in and worked in New Hampshire. Given this backdrop, it is not foreseeable that alleged tortious conduct against the Plaintiff would result in Ms. Brooks having to defend against a lawsuit by the Plaintiff brought in the Commonwealth of Massachusetts. Thus, based on the four corners of the pleadings, the Plaintiff cannot meet her burden of establishing purposeful availment as to the specific claims in this case.

### C. Exercising Specific Jurisdiction Over Ms. Brooks in This Case Would Not Be Fair or Reasonable.

While the Court need not look to the reasonableness prong in this instance,[3] it is worth noting that exercising specific personal jurisdiction over Ms. Brooks would not be fair or reasonable in this instance. The third prong of the specific personal jurisdiction assessment asks whether a defendant has "engaged in any purposeful activity related to the forum that would make the existence of jurisdiction fair, just, or reasonable." *United Elec.*, 960 F.2d at 1089. To make this assessment, courts in the First Circuit look to the "Gestalt" factors, which "put into sharper perspective the reasonableness and fundamental fairness of exercising jurisdiction in particular

---

[3] The third factor for specific personal jurisdiction (fairness) need not be assessed when either of the first two prongs have not been satisfied. *See, e.g.*, *Sawtelle v. Farrell*, 70 F.3d 1381, 1394 (1st Cir. 1995).

situations." *Pritzker v. Yari*, 42 F.3d 53, 64 (1st Cir. 1994).  The five factors to consider are:

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

*Adelson*, 510 F.3d at 51.  When a plaintiff's showing in support of the first two prongs for specific jurisdiction (relatedness and purposeful availment) are weak, "the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994).

Here, the forum lacks any interest in adjudicating the Plaintiff's claims against Ms. Brooks and there is simply no discernable or reasonable basis to permit the Plaintiff to pursue claims against Ms. Brooks in Massachusetts.  Importantly, Ms. Brooks is not a citizen of Massachusetts, and the Amended Complaint does not seek damages for any harm or injury that purportedly occurred in Massachusetts. *KPM Analytics*, 2021 WL 2983866 at *12 (noting that a forum state would have interest in asserting jurisdiction over a defendant who causes tortious injury within its borders). In fact, the Alleged Complaint does not even allege any illegal conduct within the Commonwealth of Massachusetts. In other words, the forum state has no interest in adjudicating the Plaintiff's claims against Ms. Brooks.

After weighing the implicated factors, it would not be reasonable or fair to find personal jurisdiction over Ms. Brooks in this matter.

### III. The Plaintiff's Amended Complaint Should Be Dismissed For Insufficient Service Of Process Pursuant To Fed. R. Civ. P. 12(B)(5)

A Motion to Dismiss under Rule 12(b)(5) is the proper method to contest or challenge the manner of delivery or the lack of delivery of a summons and complaint. Fed. R. Civ. P. 12(b)(5). A return of service "generally serves as prima facie evidence that service was validly performed."

*Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008). A defendant, however, may adduce "rebuttal evidence to refute any presumption of valid service." *Id*. Once the defendant effectively rebuts the presumption, the burden returns to the plaintiff to prove proper service. *Id*.

The Plaintiff's case in the *Anderson Action* was dismissed in November 2021 due to the plaintiff's failure to serve any party by the deadline. After vacating her dismissal, Judge Wall ordered that "service by mail must be made no later than August 31, 2022 and the returns no later than September 30, 2022." Here, the envelopes containing the summons and complaint were postmarked for September 1, 2022, indicating that they were mailed on that date. Service by mail is complete upon mailing. See Mass. R. Civ. P. Rule 5(b); Fed. R. Civ. P. Rule 5(b)(2)(C). The date that the envelopes were mailed is clearly September 1, 2022, which is not in accordance with the court's order that the summons and complaint be mailed no later than August 31, 2022. Moreover, the Plaintiff failed to served Ms. Brooks altogether by not mailing the summons and complaint to Ms. Brooks' residence. Attempting to serve Ms. Brooks by mail to her place of employment is not proper or effective service. Fed.R.Civ.P . 4(e). As of writing and filing this motion, no returns have been filed per Judge Wall's order. For these reasons, the Plaintiff's Amended Complaint should be dismissed for insufficient service of process.

## **CONCLUSION**

For all of the foregoing reasons, the Plaintiff has failed to meet its burden of establishing personal jurisdiction over Ms. Brooks in this case. As such, the Plaintiff's Amended Complaint against Ms. Brooks should be dismissed pursuant to Rule 12(b)(2) and Rule 12(b)(5).

The Defendant,
JENNIFER BROOKS,
By Her Attorneys,

MORRISON MAHONEY LLP

*/s/ Amy B. Yarbro*

Amy B. Yarbro, BBO # 686665
ayarbro@morrisonmahoney.com
Gabriela Archilla, BBO#706925
garchilla@morrisonmahoney.com
250 Summer Street
Boston, MA  02210
(617) 439-7500

## CERTIFICATE OF SERVICE

I, Amy B. Yarbro, attorney for the defendants, hereby certify that I have this day served the foregoing to all parties of record in this action by e-mail to:

Natalie Anderson
679 Washington Street, Suite #8-206
Attleboro, Massachusetts 02703
Liberty_6@msn.com

Dated: September 28, 2022            Attorney:    */s/ Amy B. Yarbro*
                                                  Amy B. Yarbro